IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re | ) |
| | ) |
| | ) Case No. 25-90022 (ARP) |
| *Telefónica del Perú S.A.A.*,[1] | ) |
| | ) |
| Debtor in a Foreign Proceeding. | ) Chapter 15 |
| | ) |

### ORDER GRANTING RECOGNITION OF PERUVIAN
### PROCEEDING AND RELATED RELIEF

Upon the *Petitioner's Declaration and Verified Petition for Recognition of Peruvian Proceeding and Motion for Related Relief Pursuant to 11 U.S.C. §§ 105, 1509, 1515, 1517, 1520 and 1521* [ECF No. 2] (the "**Verified Petition**")[2], Timothy O'Connor (the "**Petitioner**" or the "**Foreign Representative**"), in his capacity as the duly-appointed foreign representative with respect to the Peruvian Proceeding (as defined below) of the above-captioned debtor (the "**Chapter 15 Debtor**") requesting this Order (the "**Order**") (a) granting the Verified Petition and recognizing the voluntary ordinary restructuring proceeding (the "**PCO**" or "**Peruvian Proceeding**") commenced before the National Institute for the Defense of Competition and Protection of Intellectual Property (*Instituto Nacional de Defensa de la Competencia y de la Protección de la Propiedad Intelectual*) ("**INDECOPI**") pursuant to Article 24 of the General Insolvency Law (*Ley General del Sistema Concursal*) (Law No. 27809) (the "**Peruvian Insolvency Law**"), of the laws of the Republic of Peru ("**Peru**") as the foreign main proceeding

---

[1] The debtor in this chapter 15 case (the "**Chapter 15 Case**") and the last four digits of the tax number in the jurisdiction in which it pays taxes is Telefónica del Perú S.A.A. (7491 – Peru).

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

for the Chapter 15 Debtor as defined in section 1502(4) of title 11 of the United States Code (the "**Bankruptcy Code**") pursuant to section 1517 the Bankruptcy Code; (b) recognizing the Petitioner as the duly-appointed "foreign representative" of the Chapter 15 Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Chapter 15 Debtor in the Chapter 15 Case; and (c) granting such other and further relief as the Court deems just and proper; and this Court having reviewed (i) the Form of Petition, (ii) the Verified Petition, along with the exhibits annexed thereto, and (iii) the *Declaration of Jose Antonio Jimenez Pursuant to 28 U.S.C. § 1746 in Support of the Petitioner's Declaration and Verified Petition for Recognition of Peruvian Proceeding and Motion for Related Relief Pursuant to 11 U.S.C. §§ 105, 1509, 1515, 1517, 1520 and 1521* [ECF No. 3] (the "**Peruvian Counsel Declaration**"); and appropriate and timely notice of the filing of the Petition, the Verified Petition and hearing on the Verified Petition (the "**Hearing**") having been given; and no objection having been filed or asserted as set forth on the record of the Hearing; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Verified Petition, the Peruvian Counsel Declaration, and all other pleadings and papers in this Chapter 15 Case establish just cause to grant the relief ordered herein; and after notice and a hearing and due deliberation thereon;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted

as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.      This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Order of Reference dated May 24, 2012, *In re Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

      C.      This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

      D.      Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

      E.      The Petitioner is (i) the duly appointed "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, of the Peruvian Proceeding with respect to the Chapter 15 Debtor and (ii) authorized to commence this Chapter 15 Case.

      F.      The Chapter 15 Case was properly commenced on February 25, 2025 pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

      G.      The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q) and 7007.1, and Rules 2002-4 and 9013-1(d) of the Local Bankruptcy Rules for the Southern District of Texas (the "**Local Rules**").

      H.      The Peruvian Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

      I.      The Peruvian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J.   The COMI of the Chapter 15 Debtor is Peru.  Accordingly, the Peruvian Proceeding is the "foreign main proceeding" of the Chapter 15 Debtor, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.   The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Chapter 15 Debtor, its creditors and other parties in interest.

L.   Appropriate notice of the filing of and the Hearing on the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated in the Verified Petition and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Verified Petition is hereby GRANTED as set forth herein.

2.   The Petitioner is the duly appointed foreign representative of the Peruvian Proceeding with respect to the Chapter 15 Debtor, within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of the Chapter 15 Debtor in this Chapter 15 Case.

3.   The Peruvian Proceeding is granted recognition as the foreign main proceeding of the Chapter 15 Debtor pursuant to section 1517 of the Bankruptcy Code.

4.   All relief and protection afforded to foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the Peruvian Proceeding, the Petitioner, the Chapter

15 Debtor and the property of the Chapter 15 Debtor that is within the territorial jurisdiction of the United States, as applicable, including application of section 362 of the Bankruptcy Code with respect to the Chapter 15 Debtor and the property of the Chapter 15 Debtor that is within the territorial jurisdiction of the United States, subject to the exceptions to section 362 that are set forth in the Bankruptcy Code.

5. Notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered and may in his discretion and without further delay take any action and perform any act necessary to implement and effectuate the terms of this Order.

6. A copy of this Order shall be served by the Petitioner within seven business days of entry of this Order by email, first class mail, or overnight courier on the Notice Parties, and such service shall be good and sufficient service and adequate notice for all purposes.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, enforcement, amendment, or modification of this Order.

Dated: _____, 2025
Houston, Texas

                                                THE HONORABLE ALFREDO R. PEREZ
                                                UNITED STATES BANKRUPTCY JUDGE