**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Case No. 25-90022 (ARP) |
| *Telefónica del Perú S.A.A.,*[1] | ) |
|  | ) |
| Debtor in a Foreign Proceeding. | ) Chapter 15 |
|  | ) |

### INTERIM ORDER GRANTING PROVISIONAL RELIEF

Upon the Petitioner's *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 105(a), and 362* (the "**Motion**") [ECF No. 4],[2] filed on behalf of Timothy O'Connor (the "**Petitioner**" or the "**Foreign Representative**") the duly-authorized foreign representative of Telefónica del Perú S.A.A. ("**Telefónica Perú**" or the "**Chapter 15 Debtor**") in its voluntary ordinary restructuring proceeding ("**PCO**" or the "**Peruvian Proceeding**") commenced on February 24, 2025 pursuant to Article 24 of the General Law of the Bankruptcy System (*Ley General del Sistema Concursal*) (Law No. 27809) (the "**Peruvian Insolvency Law**"), of the Republic of Peru ("**Peru**"), pending before the National Institute for the Defense of Competition and Protection of Intellectual Property (*Instituto Nacional de Defensa de la Competencia y de la Protección de la Propiedad Intelectual*) ("**INDECOPI**"), by and through his undersigned counsel, respectfully submits this motion (the "**Motion**") seeking entry of an Order (this "**Order**") granting the provisional relief requested in the Motion (together, the "**Requested Relief**") in the above-captioned chapter 15 case (the "**Chapter 15 Case**"); and it appearing that this Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1]   The debtor in this chapter 15 case (the "**Chapter 15 Case**") and the last four digits of the tax number in the jurisdiction in which it pays taxes is Telefónica del Perú S.A.A. (7491 – Peru).

[2]   Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Motion.

and 1334; and the relief requested in the Motion being a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(P); and that this Court may enter a final order consistent with Article III of the United

States Constitution; venue being proper before the Court pursuant to 28 U.S.C. § 1410; and this

Court having considered (i) the Motion, (ii) the Form of Voluntary Petition, (iii) the Verified

Petition, along with the exhibits annexed thereto, (iv) the Peruvian Counsel Declaration, and (v)

the statements of counsel in support of the Motion at a hearing before this Court (the "**Hearing**");

and appropriate and timely notice of the filing of the Motion and the Hearing having been given;

and no other or further notice being necessary or required; and after due deliberation and sufficient

cause appearing therefor:

### THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact

and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

To the extent any of the following findings of fact constitute conclusions of law, they are adopted

as such.  To the extent any of the following conclusions of law constitute findings of fact, they are

adopted as such.

D.      Venue is proper in this district pursuant to sections 1409(a) and 1410 of title 28 of

the United States Code.

E.      The statutory basis for the relief requested consists of sections 1519, 1521(a)(7),

105(a) and 362 of the Bankruptcy Code.

F.      The Peruvian Proceeding is pending in the City of Lima, Peru, and the Petitioner is

an individual, which is included in the term "person," 11 U.S.C. § 101(41), who, with respect to

the Chapter 15 Debtor, has been (i) appointed to act as the foreign representative (within the

meaning of Bankruptcy Code section 101(24)) of the Peruvian Proceeding for such Chapter 15

Debtor for purposes of this Chapter 15 Case and (ii) authorized to commence this Chapter 15 Case.

G.      On February 25, 2025, the Petitioner commenced this Chapter 15 Case under

chapter 15 of the Bankruptcy Code.

H.      The Petitioner is not required to commence an adversary proceeding to seek the

relief requested in the Motion.

I.      The Court is authorized to enter the provisional relief sought by the Petitioner in

the Motion under sections 1519 and 105(a) of the Bankruptcy Code.

J.      The Requested Relief is urgently needed to protect the assets of the Chapter 15

Debtor and the interests of its creditors as required by 11 U.S.C. § 1519(a).

K.      The Requested Relief is warranted and satisfies 11 U.S.C. § 1519(e).

L.      The interests of the Chapter 15 Debtor's creditors and other interested entities,

including the Chapter 15 Debtor, are sufficiently protected in the Court's grant of the Requested

Relief, as required by 11 U.S.C. § 1522(a).

M.      Based on the pleadings filed to date, the Court concludes that the Petitioner has

demonstrated a substantial likelihood that the Court will recognize the Peruvian Proceeding as the

"foreign main proceeding" of the Chapter 15 Debtor as defined in Bankruptcy Code section

1502(4).

N.      The Petitioner has demonstrated that there is a material risk that the Chapter 15

Debtor will suffer irreparable harm in the absence of the provisional relief set forth herein.

O.      Granting the provisional relief set forth in this Order will preserve the status quo

and not result in significant harm to nonmoving parties.  Any harm that could conceivably result

to nonmoving parties by granting the provisional relief set forth in this Order is less than the

irreparable harm that would result to the Chapter 15 Debtor and creditors if such provisional relief were not granted.

P.      Granting the provisional relief set forth in this Order will serve the public interest in that, among other things, such provisional relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. § 1501(a).

Q.      For purposes of this Order and the relief granted herein, the balance of harms favors granting the provisional relief set forth herein.

R.      Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, pursuant to Bankruptcy Rule 7065, if applicable, or otherwise.

S.      Appropriate notice of the filing of, and the Hearing on, the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion is granted as provided herein and any objections thereto filed or stated on the record at the Hearing are overruled.

2.      The Requested Relief is granted as set forth herein on an interim basis pending final hearing on recognition of the Peruvian Proceeding and ruling by the Court on the Verified Petition with respect to the Chapter 15 Debtor.

3.      Sections 1519(a) and 362 of the Bankruptcy Code shall apply with respect to the Chapter 15 Debtor and its property within the territorial jurisdiction of the United States.  For the avoidance of doubt, and without limiting the generality of the foregoing, the relief granted by this Order shall impose a stay only within the territorial jurisdiction of the United States of:

        a.  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the

Chapter 15 Debtor that was or could have been commenced before the commencement of the Chapter 15 Debtor's chapter 15 case, or to recover a claim against the Chapter 15 Debtor that arose before the commencement of the Foreign Debtor's chapter 15 case;

b.   the enforcement, against the Chapter 15 Debtor or against the property of the Chapter 15 Debtor, of a judgment obtained before the commencement of the Chapter 15 Debtor's chapter 15 case;

c.   any act to obtain possession of property of the Chapter 15 Debtor or of property from the Chapter 15 Debtor or to exercise control over property of the Chapter 15 Debtor;

d.   any act to create, perfect or enforce any lien against property of the Chapter 15 Debtor;

e.   any act to create, perfect or enforce against property of the Chapter 15 Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 15 Debtor's chapter 15 case;

f.   any act to collect, assess or recover a claim against the Chapter 15 Debtor that arose before the commencement of the Chapter 15 Debtor's chapter 15 case; and

g.   the setoff of any debt owing to the Chapter 15 Debtor that arose before the commencement of the Chapter 15 Debtor's chapter 15 case against any claim against the Chapter 15 Debtor.

4.   Notwithstanding anything to the contrary contained herein, nothing in this Order serves to grant any injunction that is prohibited under section 1519(d) of the Bankruptcy Code.

5.   This Order is without prejudice to (i) the right of the Petitioner to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code), (ii) the rights of the Chapter 15 Debtor to seek any remedy or to pursue any further relief, (iii) the right of any creditor or party in interest to seek relief from this Order if the circumstances so warrant, or (iv) the right of any creditor or party in interest to dispute the factual findings in this Order.

6.   Notwithstanding anything to the contrary contained herein or provision in the Bankruptcy Rules to the contrary:  (i) this Order shall be effective immediately and enforceable

upon entry; (ii) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7.     This Order shall remain in full force and effect from the date hereof until the date on which a final determination is made by this Court with respect to the Verified Petition and the request for recognition of the Peruvian Proceeding, and an order is entered in this Chapter 15 Case giving effect to such determination.

8.     The Court will hold a hearing to consider recognition of the Peruvian Proceeding on **March 27, 2025 at 9:00 a.m. (prevailing central time).**

9.     Notice of this Order will be provided via email or first-class mail to the Notice Parties set forth in the Notice List via email or first-class mail.  Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

10.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.


Dated: _____, 2025
Houston, Texas


_____
HONORABLE ALFREDO R. PEREZ
UNITED STATES BANKRUPTCY JUDGE